UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **25-CR-60039-SINGHAL/STRAUSS**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

**CARLEEN NOREUS,**

      **Defendant.**

_____/

FILED BY BM D.C.

Feb 20, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### Requirements to Become a Registered Nurse

1. State Boards of Nursing were established to protect the public's health by overseeing and assuring the safe practice of nursing. Boards of Nursing achieve this mission by establishing the standards for safe nursing care and issuing licenses authorizing the practice of nursing. Once a license was issued, the Boards of Nursing held licensees to provisions defined in state laws and, when necessary, acted against the licenses of those nurses who have exhibited unsafe nursing practice.

2. The purpose of a professional license was to protect the public from harm by setting minimal qualifications and competencies for safe entry-level practitioners. Nursing was regulated

because it is one of the health professions that poses a risk of harm to the public if practiced by someone who is unprepared and/or incompetent.

3. Typical components of licensure to be a Registered Nurse (RN) included, among other things, verification of graduation from an approved pre-licensure nursing program, verification of successful completion of the National Council Licensure Examination (NCLEX), a criminal background check, and in some states—including New York—continuing education credits.

4. The Nurse Licensure Compact increased access to care while maintaining public protection at the state level.  Under the Nurse Licensure Compact, nurses can practice in other Nurse Licensure Compact states, without having to obtain additional licenses.  Approximately 42 states, including Florida, have enacted Nurse Licensure Compact legislation.  The Nurse Licensure Compact required that every RN graduate from a board-approved RN prelicensure education program.  Each state's nursing board governed the approval of nursing education programs.

### Defendant and Related Persons and Entities

5. Carleen Home Health School, Inc., *d/b/a* Carleen Health Institute of South Florida (hereinafter, "Carleen Home Health School"), was a domestic for-profit corporation organized under the laws of the State of Florida.  Carleen Home Health School's principal address was 8320 West Sunrise Blvd, Suite 204, Plantation, FL 33322.

6. Carleen Home Health School II, Inc. (hereinafter, "Carleen Home Health School II"), was a domestic for-profit corporation organized under the laws of the State of Florida. Carleen Home Health School II's principal address was 4645 Gun Club Road, Suite #10, West Palm Beach, FL 33415.

7.   Defendant **CARLEEN NOREUS**, a resident of Broward County, was the President of Carleen Home Health School and the Vice President of Carleen Home Health School II.

8.   Stanton Witherspoon, a resident of New Jersey, became the President of Carleen Home Health School II on or about October 28, 2020.

9.   Co-conspirator 1 obtained a diploma and transcript issued by Carleen Home Health School purporting to show that he/she attended Carleen Home Health School and completed the necessary courses and/or clinicals to obtain an Associate Degree in Nursing.

10.   Health Care Provider-1 (HCP-1) was a hospital located in Missouri that employed licensed Registered Nurses to care for Medicare and Medicaid patients.

## COUNT 1
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1.   The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.   From in or around January of 2019, and continuing through in or around September of 2022, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLEEN NOREUS,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Stanton Witherspoon, co-conspirator 1, and others known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

3. It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) soliciting and recruiting co-conspirators, via interstate wire communications, seeking nursing credentials to obtain employment in the health care field; (b) creating and distributing, via interstate wire communications, false and fraudulent diplomas and transcripts for co-conspirators seeking licensure and employment in the health care field; (c) using the false and fraudulent documents to obtain employment, pay, and other benefits in the health care field; (d) concealing the use of fraudulent documents used to obtain employment in the health care field; and (e) using proceeds of the conspiracy for their personal use and benefit, and the use and benefit of others, and to further the conspiracy.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **CARLEEN NOREUS** owned and operated Carleen Home Health School and Carleen Home Health School II. **NOREUS**, Stanton Witherspoon, and others, via interstate wire communications, solicited and recruited co-conspirators, including co-conspirator 1, and others, who sought nursing credentials and employment in the health care field.

5. **CARLEEN NOREUS**, Stanton Witherspoon, and others sent and caused others to send, via interstate wire communications, information used to create false and fraudulent official transcripts and diplomas from Carleen Home Health School and Carleen Home Health School II.

6. **CARLEEN NOREUS**, Stanton Witherspoon, and others, created and distributed, and caused to be created and distributed, via interstate wire communications, false and fraudulent transcripts and diplomas to co-conspirators, including co-conspirator 1 and others, falsely and fraudulently representing that the co-conspirators attended Carleen Home Health School and/or Carleen Home Health School II in Florida and completed the necessary courses and/or clinicals to obtain nursing diplomas, when in fact the co-conspirators had never actually completed the necessary courses and/or clinicals.

7. In furtherance of the conspiracy, co-conspirators, including co-conspirator 1 and others, used the false and fraudulent diplomas and transcripts and other records created and distributed by **CARLEEN NOREUS**, Stanton Witherspoon, and others, to obtain nursing licensure in various states including California, Pennsylvania, and Florida. Additionally, if a co-conspirator obtained a multi-state license, under the Nurse Licensure Compact that individual was authorized to practice in other Nurse Licensure Compact states without having to obtain additional licenses.

8. Co-conspirators, including co-conspirator 1 and others, used the false and fraudulent diplomas, transcripts and other documents created and distributed by **CARLEEN NOREUS**, Stanton Witherspoon, and others, to fraudulently obtain employment and benefits as a nurse at various unwitting health care providers throughout the country, including at HCP-1. Those health care providers hired and paid salaries, wages, and other benefits to the nurses based on their fraudulent credentials.

9. **CARLEEN NOREUS**, Stanton Witherspoon, co-conspirator 1, and others, used the proceeds of the conspiracy for their personal use and benefit, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2. From at least as early as in or around January of 2019, and continuing through in or around September of 2022, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLEEN NOREUS,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendant and others to unlawfully enrich themselves by, among other things: (a) soliciting and recruiting accomplices, via interstate wire communications, seeking nursing credentials to obtain employment in the health care field; (b) creating and distributing, via interstate wire communications, false and fraudulent

diplomas and transcripts for accomplices seeking Nursing licensure and employment in the health care field; (c) using the false and fraudulent documents to obtain employment, pay, and other benefits in the health care field; (d) concealing the use of fraudulent documents used to obtain employment in the health care field; and (e) using the proceeds of the fraud for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## The Scheme and Artifice

4. Paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## Use of the Wires

5. On or about the dates set forth below, in the Southern District of Florida, and elsewhere, the defendant, **CARLEEN NOREUS**, for the purposes of executing the above-described scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds as described below:

| Count | Approx. Date | Description of Wire Transmission |
|---|---|---|
| 2 | 5/11/2022 | Email from **CARLEEN NOREUS** to the Pennsylvania State Board of Nursing with an attachment containing a signed letter and a corrected transcript for Y.K.C. |
| 3 | 5/11/2022 | Email from **CARLEEN NOREUS** to the Pennsylvania State Board of Nursing with an attachment containing a signed letter and a corrected transcript for T.M.O. |
| 4 | 6/16/2022 | Email from **CARLEEN NOREUS** to Stanton Witherspoon forwarding an inquiry from California State Board of Nursing Investigator as to A.O. |

| Count | Approx. Date | Description of Wire Transmission |
|---|---|---|
| 5 | 7/13/2022 | Email from **CARLEEN NOREUS** to Stanton Witherspoon with an attachment containing a transcript for V.E. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 6
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around January 2019, and continuing through in or around October 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLEEN NOREUS,**

did knowingly and voluntarily combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, to wit:

 a. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

 b. to knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value

greater than $10,000, such property being derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 7
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

On or about November 29, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLEEN NOREUS**,

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in that the defendant deposited and caused to be deposited check #6986 in the amount of $40,000 into account number 5864834063 at Wells Fargo Bank held in the name of **CARLEEN ANN NOREUS** and drawn from account number 1100004735593 at BB&T Bank (now Truist) held in the name Carleen Home Health School Inc. d/b/a Carleen Health Institute of Florida.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(2)(b)(i) and 2.

### COUNTS 8-9
### Money Laundering
### (18 U.S.C. § 1957(a))

On or about the dates as to each count set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLEEN NOREUS,**

did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, as set forth below:

| Count | Approx. Date | Description of Monetary Transaction | Approx. Amount |
|---|---|---|---|
| 8 | 8/17/2022 | Online transfer from account number 4376435751 at TD Bank in the name **CARLEEN ANN NOREUS** to account number 4411822847 at TD Bank in the name Carleen Home Health School DBA | $200,000 |
| 9 | 10/25/2022 | Online transfer from account number 4411822847 at TD Bank in the name Carleen Home Health School DBA to account number 4418771550 at TD Bank in the name of Carleen Home Health School Inc. DBA CHI Home Health Center | $200,000 |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))
## (18 U.S.C. § 982(a)(1))

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CARLEEN NOREUS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to commit such offense, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956 or 1957, or a conspiracy to commit such offenses, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property directly subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

   (i) a forfeiture money judgment in the sum of at least $6,473,024.41 in United States currency, which sum represents the value of any property involved in the defendant's commission of the offenses, or any property traceable to such property; and

   (ii) All funds on deposit or formerly on deposit in PNC Bank Money Market account number 1227881521 held in the name of **CARLEEN NOREUS**.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

11

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such property includes, but is not limited to a 2019 Polaris Slingshot;

      (i) Real property located at 301 Farmington Drive, Plantation, Florida 33317; and

      (ii) Three-Wheel Motorcycle bearing Vehicle Identification Number 57XAARFAXK8133947.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL

_____
FOREPERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CARLEEN NOREUS

**Case No**: _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** Twenty (20) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross or loss for the offense

Counts # 2-5:

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** Twenty (20) Years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross or loss for the offense

Count # 6:

Conspiracy To Commit Money Laundering

Title 148, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** Twenty (20) Years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the value of the Laundered Funds

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

PENALTY SHEET

(Page 2)

**Defendant's Name**: CARLEEN NOREUS

**Case No**: _____

Count # 7:

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment:** Twenty (20) Years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine: $250,000 or twice the value of the Laundered Funds**

Counts # 8-9:

Money Laundering

Title 18, United States Code, Section 1957(a)
* **Max. Term of Imprisonment:** Ten (10) Years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine: $250,000 or twice the value of the Laundered Funds**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: **25-CR-60039-SINGHAL/STRAUSS**

v.

CARLEEN NOREUS,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☑ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                (Check only one)
   I  ☑ 0 to 5 days                ☐ Petty
   II ☐ 6 to 10 days               ☐ Minor
   III ☐ 11 to 20 days             ☐ Misdemeanor
   IV ☐ 21 to 60 days              ☑ Felony
   V  ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
CHRISTOPHER J. CLARK
Assistant United States Attorney
FL Bar No.   058804